IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| BRENNAN McGOUGH, | ) | |
|---|---|---|
| Petitioner, | ) | Civil Action No. 13-43 Erie |
| | ) | |
| v. | ) | District Judge Cathy Bissoon |
| | ) | Magistrate Judge Susan Paradise Baxter |
| BOBBY L. MEEKS, | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.     RECOMMENDATION

It is respectfully recommended that the petition for a writ of habeas corpus filed by Petitioner, Brennan McGough, be denied.

### II.    REPORT

Petitioner is a federal inmate who is incarcerated at the Federal Correctional Institution, McKean. He contends that the Bureau of Prisons (the "Bureau" or the "BOP"), which is the agency responsible for implementing and applying federal law concerning the computation of federal sentences, see, e.g., United States v. Wilson, 503 U.S. 329, 331 (1992), erred in computing his federal sentence.

The dispute in this case centers upon the date the Pennsylvania Board of Probation and Parole ("the Parole Board") released Petitioner to a federal detainer. The BOP has determined that Petitioner was paroled to the federal detainer on March 7, 2012, and, therefore, has calculated his federal sentence to have commenced on that date. Petitioner maintains that he was paroled on May 25, 2011, and, therefore, he should receive credit against his federal sentence for all time he served from that date forward. To understand why the date the Parole Board released him is so important in this case, it is

1

helpful first to briefly review the relevant statutes and BOP polices that govern the way in which it calculates an inmate's federal sentence.

### A. Relevant Statutes and Policies

Two statutes are relevant to this case. The first is 18 U.S.C. § 3584(a), which governs a federal sentencing court's authority to order that a federal sentence be served concurrently with a state sentence. The second is 18 U.S.C. § 3585. Paragraph (a) of § 3585 governs the date upon which a federal sentence commences, and Paragraph (b) governs the amount of sentencing credit that an inmate may receive for time served in official detention prior to the commencement of his federal sentence. The BOP's policies regarding sentence computation are set forth in Program Statement 5880.28, Sentence Computation Manual ("PS 5880.28"). Also relevant to this case is Program Statement 5160.05, Designation of State Institution for Service of Federal Sentence ("PS 5160.05"). BOP Program Statements are internal agency guidelines, and in many cases the policies set forth therein are "akin to an interpretive rule." Reno v. Koray, 515 U.S. 50, 61 (1995). The BOP policies at issue in this case are not published in any federal regulation, and thus are not subject to public notice and comment before adoption. Therefore, they are not entitled to the deference described in Chevron U.S.A. v. National Resources Defense Council, 467 U.S. 837 (1984). They are, however, entitled to "some deference" from this Court so long as they set forth "a permissible construction of" the statutes at issue. Blood v. Bledsoe, 648 F.3d 203, 207-08 (3d Cir. 2011) (citing Reno, 515 U.S. at 61), cert. denied, 132 S.Ct. 1068 (2012).

#### 1. The determination of whether a federal sentence is concurrent with, or consecutive to, a state sentence

18 U.S.C. § 3584(a) provides, in relevant part:

[I]f a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively….

> *Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.*

(Emphasis added).

In applying § 3584(a), the BOP presumes that federal and state sentences are to be served consecutively unless the federal sentencing court orders that the sentences are to be served concurrently. See PS 5880.28, Chapt. 1, Pages 31-33; PS 5160.05, Pages 2-7. In this case, the federal district court that imposed Petitioner's federal sentence did not order that his sentence was to be served concurrent with any state sentence. Therefore, the BOP has calculated Petitioner's federal sentence to run consecutive to his state sentence. Petitioner does not challenge that decision.

### 2. Calculation of the date upon which a federal sentence commences

18 U.S.C. § 3585(a) governs the date upon which a federal sentence commences. It provides:

(a) Commencement of sentence. – A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

18 U.S.C. § 3585(a).

The BOP, and not the federal sentencing court, determines the date upon which a federal sentence commences. See, e.g., Ruggiano v. Reish, 307 F.3d 121, 126 (3d Cir. 2002), superseded on other grounds by U.S.S.G. § 5G1.3(c) cmt. n.3(E) (2003). Because the statute provides that a sentence commences when an inmate is produced or received for service of his federal sentence, the BOP will not commence a sentence earlier than the date it is imposed, even if made concurrent with a sentence already being served. PS 5880.28, Chapt. 1, Page 13 ("In no case can a federal sentence of imprisonment commence earlier than the date on which it is imposed."). See, e.g., Rashid v. Quintana, 372 F.App'x

3

260, 262 (3d Cir. 2010) ("a federal sentence cannot begin to run earlier than on the date on which it is imposed.") (citing Unites States v. Labeille-Soto, 163 F.3d 93, 98 (2d Cir. 1998)).

When an inmate is only facing service of a federal sentence, the application of § 3585(a) is straightforward. The BOP will designate the inmate to a federal detention facility and it will calculate the federal sentence to have commenced on the date it was imposed. PS 5880.28, Chapt. 1, Page 12. Oftentimes, however, as in the instant case, an inmate is subject to multiple sentences, *e.g.*, at the time his federal sentence is imposed he is or will soon be subject to a state sentence. In that case, the federal and state governments must resolve where and/or in what order the inmate will serve his multiple sentences. At common law the "primary custody" doctrine developed to assist the sovereigns in making these determinations and to provide an orderly method by which to prosecute and incarcerate an individual that violated the law of more than one sovereign. Ponzi v. Fessenden, 258 U.S. 254 (1922). See, *e.g.*, Bowman v. Wilson, 672 F.2d 1145, 1153-54 (3d Cir. 1982); George v. Longley, 463 F.App'x 136, 138 n.4 (3d Cir. 2012). In relevant part, the doctrine provides that the sovereign that first arrests an individual has primary custody over him. That sovereign's claim over the individual has priority over all other sovereigns that subsequently arrest him. The sovereign with primary custody is entitled to have the individual serve a sentence it imposes before he serves a sentence imposed by any other jurisdiction, regardless of the chronological order of sentence imposition. See, *e.g.*, Bowman, 672 F.2d at 1153-54. Primary custody remains vested in the sovereign that first arrests the individual until its sentence expires and it releases the inmate, or until it relinquishes its priority through some other act, such as granting bail, dismissing the charges, *or releasing the individual on parole*. George, 463 F.App'x at 138 n.4.

The BOP has incorporated the common law primary custody doctrine into its policies, which provide:

4

1.  If the federal government has primary custody of an inmate on the date his federal sentence is imposed, it is entitled to have that inmate serve his federal sentence upon imposition. In such a case, the BOP will designate the inmate to a federal detention facility for service of the federal sentence and will calculate that sentence to have commenced on the date the federal sentencing court imposed it, even if at that same time the inmate is serving a concurrent state sentence. PS 5880.28, Chapt. 1, Pages 12-13.

2.  If the inmate is in the primary custody of the state and the federal sentencing court orders that he serve his federal sentence *concurrently* with any state sentence, the BOP will return physical custody of the inmate to the state, designate the state facility as the initial place of service of the federal sentence pursuant to its authority under 18 U.S.C. § 3621(b), and calculate his federal sentence to have commenced on the date the federal court imposed it. PS 5880.28, Chapt. 1, Page 13, 32A-33; PS 5160.05, Pages 2-12.

3.  If an inmate is in the primary custody of the state when his federal sentence is imposed and if his federal sentence is *consecutive to* any state sentence, the inmate will be returned to the state after federal sentencing. The BOP will commence the inmate's federal sentence under § 3585(a) when the state relinquishes its priority and releases him to federal custody. PS 5880.28, Chapt. 1, Pages 12-13, 31-33; see also PS 5160.05, Pages 2-12.

As set forth below, the third scenario is what has occurred in Petitioner's case.

### 3. Calculation of prior custody credit

18 U.S.C. § 3585(b) governs pre-commencement credit (commonly known as prior custody credit). It controls whether an inmate is entitled to any credit against his federal sentence for time he served in official detention prior to the date his federal sentence commenced. It provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> **That has not been credited against another sentence.**

(Emphasis added).

The intent of the last clause of § 3585(b) is to prohibit double sentencing credit situations. Wilson, 503 U.S. at 337 (explaining that with the enactment of § 3585(b), "Congress made it clear that a defendant could not receive a double credit for his detention time."). Thus, the BOP may not grant prior custody credit under § 3585(b) for any time that has been credited against another sentence. See, e.g., Rios v. Wiley, 201 F.3d 257, 272 (3d Cir. 2001), *abrogated in part on other grounds by statute*; United States v. Vega, 493 F.3d 310, 314 (3d Cir. 2007).

### B. Relevant Background

The Johnstown Police arrested Petitioner on April 15, 2009. It is not disputed that at this time the Commonwealth of Pennsylvania assumed primary custody over him. He was charged with criminal conspiracy in a case docketed in the Court of Common Pleas of Cambria County at **CR-1139-2009**. He did not post bail. (Declaration of Alan Ray, Management Analyst with the BOP, ¶ 3, ECF No. 9-1 at 1-4).

Petitioner also faced criminal charges in two other state cases pending before the Court of Common Pleas of Cambria County. The first case was at docket number **CR-1198-2008**. On September 1, 2009, the state court sentenced him to a term of imprisonment of six months to one year, with credit for time served. The second case was at docket number **CP-2741-2008**. On October 14, 2009, the state court sentenced him in that case to a term of imprisonment of 18-48 months. (Ray Decl. ¶¶ 4, 5, ECF No. 9-1 at 2).

A few weeks earlier, on September 15, 2009, a federal grand jury had issued an indictment charging Petitioner at Count One with conspiracy to distribute and possess with the intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 846, and at Count Two with distribution of five grams or more of cocaine base, in violation of 28 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii). An

arrest warrant was issued in that case. (See ECF Nos. 1-8 in United States v. McGough, 3:09-cr-33 (W.D. Pa.)).

Since Petitioner was in the primary custody of the Commonwealth and was being detained in the Cambria County Prison, the Assistant U.S. Attorney assigned to Petitioner's federal case filed an application for a writ of habeas corpus *ad prosequendum* so that Petitioner could appear in federal court to answer his charges there. (See ECF No. 14 in United States v. McGough, 3:09-cr-33 (W.D. Pa.)). The federal magistrate judge issued the writ of habeas corpus *ad prosequendum* and the U.S. Marshals Service ("USMS") took temporary custody of Petitioner pursuant to it. (See ECF Nos. 17, 20 in United States v. McGough, 3:09-cr-33 (W.D. Pa.)). (See also Ray Decl. ¶ 6, ECF No. 9-1 at 2).

A prisoner who is received by a sovereign pursuant to a writ of habeas corpus *ad prosequendum* remains in the primary custody of the sending sovereign unless and until it relinquishes jurisdiction over the person. See, e.g., Ruggiano, 307 F.3d at 125 n.1. The receiving sovereign – in this case, the federal government – is considered simply to be "borrowing" the prisoner from the sending sovereign – in this case, the Commonwealth – for the purposes of indicting, arraigning, trying, and sentencing him. Id.

On February 11, 2010, Petitioner (who was still in physical custody of federal authorities pursuant to the writ of habeas corpus *ad prosequendum*), was paroled on the sentence he was serving in the state case at **CR-1198-2008.** He remained in the primary custody of the Commonwealth because he still was serving the term of imprisonment imposed in the state case at **CP-2741-2008**, and he still faced pending charges in the state case at **CR-1139-2009**. (Ray Decl. ¶ 7, ECF No. 9-1 at 3).

Petitioner eventually entered a plea of guilty to Count One of his federal indictment, and on April 7, 2011, the federal district court sentenced him to a term of imprisonment of 72 months. When the federal court imposed Petitioner's sentence, it was silent as to whether it intended the federal

sentence to run concurrently with any other sentence to which Petitioner was subject. (See ECF Nos. 116, 159 in United States v. McGough, 3:09-cr-33 (W.D. Pa.)).

On April 7, 2011, after the federal court sentenced Petitioner, the USMS returned him to the Cambria County Prison in satisfaction of the federal writ of habeas corpus *ad prosequendum*. The federal government previously had lodged a detainer with the Pennsylvania Department of Corrections, and that detainer remained in effect. (Pet's Ex. B, ECF No. 5-1 at 4).

A few days after Petitioner returned to the physical custody of the Commonwealth, it dismissed the charges he faced in the state case at **CR-1139-2009**. He remained in the primary custody of the Commonwealth because he still was serving the term of imprisonment imposed in the state case at **CR-2741-2008**. (Ray Decl. ¶ 10, ECF No. 9-1 at 3).

On May 25, 2011, the Parole Board entered the decision that is at issue in the case. It stated, in relevant part:

> Following an interview with you and a review of your file, and having considered all matters required pursuant to the parole act, the Board of Probation and Parole in the exercise of its discretion has determined at this time that: **you are granted parole/reparole**. The reasons for the Board's decision include the following:
>
> Your current involvement in prescribed institutional programs.
>
> The positive recommendation made by the warden of the county jail.
>
> Your demonstrated motivation for success.
>
> Your acceptance of responsibility for the offense(s) committed.
>
> The existence of federal detainers filed against you.
>
> **You are paroled upon completion of stress and anger management program to federal detainer**; approved home to be available.

(Pet's Ex. A, ECF No. 5-1 at 2 (emphasis added)).

It is not disputed that the USMS did not obtain physical custody of Petitioner until March 7, 2012. The BOP has determined that that is the date the Parole Board actually released Petitioner to parole. In support of this determination, Respondent directs this Court to the Declaration of Alan Ray, Management Analyst with the BOP, who cites to a Parole Board "Order to Release On Parole/ReParole." (Ray Decl. ¶ 12, ECF No. 9-1 at 3). That document, which is dated September 14, 2011, reiterated to Petitioner that: "You are paroled upon completion of stress and anger management program to federal detainer, approved home to be available." In a different typeface on that same document, someone typed: "Actual date of parole is 03-07-2012 per PA DOC Thompson, records." (Resp's Ex. 1F, ECF No. 9-7 at 2). Ray also cites to the USMS's Individual Custody and Detention Report, which reflects that on March 7, 2012, Petitioner was admitted to the Federal Detention Center in Philadelphia. (Resp's Ex. 1E, ECF No. 9-5 at 3).

Because the BOP determined that the Parole Board released Petitioner on parole to the federal detainer on March 7, 2012, it commenced his federal sentence on that date in accordance with to 18 U.S.C. § 3585(a) and the policies contained in its Program Statements, which were discussed above. It also determined that Petitioner was entitled to 139 days of prior custody credit under 18 U.S.C. § 3585(b). That credit is for the time he served in official detention from April 15, 2009 (the date the charges pending against him at **CR-1139-2009** were dismissed**)** through August 31, 2009, because that time was not credited against his state sentence. (Resp's Ex. 2a, Inmate Data, ECF No. 9-9 at 4. See also Pet's Ex. C, ECF No. 5-1 at 5-7).[1]

When Petitioner learned how the BOP was calculating his federal sentence, he challenged it through the BOP's administrative review process. On January 22, 2013, Harrell Watts, Administrator,

---

[1] The BOP has projected Petitioner's release date to be January 9, 2017 (assuming that he receives all good conduct time available to him). (Resp's Ex. 2a, Inmate Data, ECF No. 9-9 at 4).

National Inmate Appeals, issued a Response denying Petitioner's administrative appeal. He explained to Petitioner:

> Your federal sentence has been computed to commence on March 7, 2012, the date you [were] paroled from your state sentence to the exclusive custody of the United States Marshals Service. Title 18 U.S.C. § 3585(a), establishes the rule for commencement of sentence and states, "a sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service at, the official detention facility at which the sentence is to be served."
>
> Program Statement 5880.28, <u>Sentence Computation Manual (CCCA of 1984)</u>, indicates that time spent under a writ from non-federal custody will not, in itself, be considered for the purpose of custody credit. In addition, Title 18 U.S.C. § 3585(b) and Program Statement 5880.28 preclude the application of credit for time spent in the service of another sentence. As the time you are seeking was spent serving your Cambria County sentences, it cannot also be credited toward your federal sentence. However, you have been credited with time spent in custody from April 15, 2009, through August 31, 2009, since that time in custody was not awarded toward any other sentence.
>
> We find your sentence has been computed in accordance with federal statute and Bureau policy. Considering the foregoing, your appeal is denied.

(Pet's Ex. C, ECF No. 5-1 at 7).

After Petitioner's administrative remedy appeal was denied, he filed with this Court his petition for a writ of habeas corpus and memorandum of law in support. [ECF No. 5]. Respondent filed his answer [ECF No. 9], to which Petitioner filed a reply [ECF No. 10].

### C. Discussion

A federal habeas court may only extend a writ of habeas corpus to a federal inmate if he demonstrates that "[h]e is in custody in violation of the Constitution or laws of the United States[.]" 28 U.S.C. § 2241(c)(3). Petitioner contends that he is in custody in violation of the federal sentencing statutes because the BOP has calculated his sentence incorrectly.

10

### 1. Petitioner has not demonstrated that the BOP violated § 3585(a) in commencing his sentence on March 7, 2012

As set forth above, Petitioner was in primary state custody on the date of his federal arrest. On the date his federal sentencing court imposed his federal sentence (April 7, 2011), he was "on loan" to the USMS pursuant to a writ of habeas corpus *ad prosequendum*. Therefore, the BOP policy that directs that a prisoner's federal sentence commences upon imposition if he "is in exclusive federal custody (not under the jurisdiction of a federal writ of habeas corpus ad prosequendum)," does not apply to Petitioner. PS 5880.28, Chapt. 1, Page 12.

The BOP determined that the actual date that Petitioner was paroled from his state sentence at was March 7, 2012, and, therefore, that is the date the state relinquished primary custody over him. Based upon that determination, the BOP has calculated his federal sentence to have commenced on that date in accordance with § 3585(a) and applicable policy. See PS 5880.28, Chapt. 1, Pages 12-13, 31-33 and PS 5160.05, Pages 2-12 (If an inmate is in the primary custody of the state when his federal sentence is imposed and if his federal sentence is consecutive to any state sentence, the inmate will be returned to the state after federal sentencing. The BOP will commence the inmate's federal sentence under § 3585(a) when the state relinquishes its priority and releases him to federal custody).

Petitioner insists that he was paroled on May 25, 2011, because that is the date the Parole Board issued the decision advising him that he would be paroled. However, that decision, as well as the order the Board issued on September 14, 2011, expressly states that Petitioner would be "paroled upon completion of stress and anger management program[.]" (Pet's Ex. A, ECF No. 5-1 at 2; Resp's Ex. 1F, ECF No. 9-7 at 2). Neither document establishes the actual date that Petitioner was paroled. Petitioner also contends that he already had completed the anger management program by the time the Parole

11

Board issued its May 25, 2011, decision, but he has not provided the Court with any support for that contention.

It is Petitioner's burden to demonstrate that he is entitled to habeas relief, and he has not provided the Court with any evidence to support his contention that the BOP erred in finding that the Parole Board released him to the federal detainer on March 7, 2012. Therefore, there is no basis for this Court to question the BOP's calculation that his federal sentence commenced on that date.

### 2. Petitioner has not demonstrated that the BOP violated § 3585(b) when it determined that he only was entitled to prior custody credit for time served from April 15, 2009 through August 31, 2009

The BOP has determined that Petitioner is entitled to 139 days of federal prior custody credit under § 3585(b) (from April 15, 2009 through August 31, 2009) because the State credited against his state sentence all of the other time that he spent in official detention during the relevant time period. (Pet's Ex. C, ECF No. 5-1 at 5-7). Accordingly, the BOP is statutorily precluded from granting Petitioner any additional prior custody credit under § 3585(b) for time he spent in official detention prior to the date his federal sentence commenced on March 7, 2012. Rios, 201 F.3d at 271-76; Vega, 493 F.3d at 314 (the BOP did not err when it disallowed credit under § 3585(b)). Therefore, this Court cannot conclude that the BOP erred in determining that Petitioner was entitled to only 139 days of prior custody credit.

In his reply, Petitioner contends that he is entitled to what is referred to as "Willis credit." The BOP has created a limited exception to § 3585(b)'s rule against double credit in accordance with the decision in Willis v. United States, 438 F.2d 923 (5th Cir. 1971). Pursuant to Willis, the BOP will award an amount of non-federal prior custody credit if the following conditions are present: (1) *the non-federal and the federal sentences are concurrent*; and (2) the non-federal raw effective full term ("EFT") is

12

either the same or earlier than the federal raw EFT. PS 5880.28, Chapt. 1, Pages 22. Willis does not apply to Petitioner's circumstance because his federal sentence is not concurrent with his state sentence.

Petitioner also contends that he is entitled to additional prior custody credit for any time he served after the USMS lodged the federal detainer with the state authorities on September 18, 2009, even though that time was credited against his state sentence. His reasoning is that, if he had posted bond with the state court following his April 15, 2009, arrest at **CR-1139-2009**, state authorities would not have been able to free him because of the existence of the federal detainer. There is no merit whatsoever to Petitioner's argument. First, none of the cases that he cites support the proposition that he is entitled to additional prior custody credit under § 3585(b). Second, he did not post bail after the Johnstown Police arrested him on April 15, 2009. Thus, he was in state custody as a result of the charges pending in that case because he could not post bail. Those charges were dismissed following his federal sentencing in April of 2011, but by that time he was serving the term of imprisonment imposed in the state case at **CR-2741-2008**. (Ray Decl. ¶ 10, ECF No. 9-1 at 3). Therefore, there was no point at which it could be said that state authorities detained him solely because of the existence of the federal detainer.

## III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that that the petition for a writ of habeas corpus be denied.[2]

---

[2] Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. § 2253 (as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the denial of a § 2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000); 28 U.S.C. § 2253(c)(1)(B).

13

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties must seek review by the district court by filing objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to do so will waive the right to appeal. <u>Brightwell v. Lehman</u>, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

*/s/ Susan Paradise Baxter*
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: November 6, 2013

cc: The Honorable Cathy Bissoon
United States District Judge